# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JOSEPH MACARTHUR, JAMIE VILLALOBOS and JESUS HERNANDEZ,**

                **Plaintiffs,**

**v.**                                          **Case No:   6:14-cv-2085-Orl-41GJK**

**US CORRECTIONS LLC, USG7, LLC, ASHLEY JACQUES and STEVEN L. JACQUES,**

                **Defendants.**

---

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF PROPOSED SETTLEMENT AND STIPULATION FOR DISMISSAL WITH PREJUDICE (Doc. No. 25)** |
| **FILED:** | **June 3, 2015** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED** and the case be **DISMISSED without prejudice**.

## I.   BACKGROUND.

Joseph MaCarthur, Jamie Villalobos, and Jesus Hernandez (collectively, the "Plaintiffs") were employed by Defendants to transport inmates nationwide.   Doc. No. 2 at ¶¶ 8-10.   On November 14, 2014, Plaintiffs filed a seven-count complaint (the "Complaint") against Defendants in the Ninth Judicial Circuit Court of Florida.   Doc. No. 2.   On December 22, 2014, Defendants

filed a Notice of Removal with this Court.   Doc. No. 1.   In Counts I, III, and V of the Complaint,

Plaintiffs allege that Defendants violated the minimum and overtime wage provisions of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, 207.   *Id.* at 4-10.   In Counts II, IV, and VI of

the Complaint, Plaintiffs allege that Defendants failed to pay them wages for their last week of

employment.   Doc. Nos. 2 at 5-8, 10-11; 25 at ¶ 3.   In Count VII of the Complaint, Mr. Hernandez

alleges that Defendants violated Florida's worthless check statute, Fla. Stat. § 68.065(3)(a).   *Id.*

at 11-12. [1]   On December 24, 2014, Defendants filed an answer and affirmative defenses,

asserting, in relevant part, that Plaintiffs are exempt from the overtime wage requirements of the

FLSA pursuant to the motor carrier exemption, 29 U.S.C. § 213(b)(1).   Doc. No. 5.

On May 14, 2015, the parties filed a Joint Stipulation for Voluntary Dismissal with

Prejudice (the "Joint Stipulation"), seeking to dismiss the action pursuant to Rule 41(a)(1)(A)(ii),

Federal Rules of Civil Procedure.   Doc. No. 23.   On May 19, 2015, the Court entered an order

striking the Joint Stipulation.   Doc. No. 24.   On June 3, 2015, the parties filed a Joint Motion for

Approval of Proposed Settlement and Stipulation for Dismissal with Prejudice (the "Motion")

requesting that the Court approve their settlement agreements (collectively, the "Agreements") and

dismiss the case with prejudice.   Doc. No. 25.

## II.   <u>LAW</u>.

In *Lynn's Food Stores, Inc. v. United States Dep't of Labor*, 679 F.2d 1350 (11th Cir.

1982), the Eleventh Circuit addressed the means by which an FLSA settlement may become final

and enforceable:

> [t]here are only two ways in which back wage claims arising under

---

[1] Mr. Hernandez alleges that Defendants' provision of a worthless check also violated section 832.05, Florida Statutes. Doc. No. 2 at 11-12.   However section 832.05, Florida Statutes, is a criminal statute that does not provide a private right of action.   Fla. Stat. § 832.05; *Tourismart of Am., Inc. v. Gonzalez*, 498 So.2d 469, 470 (Fla. 3rd DCA 1986). Nevertheless, Mr. Hernandez also seeks relief under section 68.065, Florida Statutes, which provides a private right of action for the issuance of a worthless check.   Fla. Stat. § 68.065(3)(a).

> the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . .. The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id.* at 1352-53. Thus, unless the parties have the Secretary of Labor supervise the payment of unpaid wages owed or obtain the Court's approval of the settlement agreement, the parties' agreement is unenforceable. *Id.*; *see also Sammons v. Sonic-North Cadillac, Inc.*, Case No. 6:07-cv-277-Orl-19DAB, 2007 WL 2298032, at *5 (M.D. Fla. Aug. 7, 2007) (noting that settlement of FLSA claim in arbitration proceeding is not enforceable under *Lynn's Food* because it lacked Court approval or supervision by the Secretary of Labor). Before approving an FLSA settlement, the Court must scrutinize it to determine if it is a fair and reasonable resolution of a bona fide dispute. *Lynn's Food Stores*, 679 F.2d at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement. *Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

1. the existence of collusion behind the settlement;
2. the complexity, expense, and likely duration of the litigation;
3. the stage of the proceedings and the amount of discovery completed;
4. the probability of plaintiff's success on the merits;
5. the range of possible recovery; and
6. the opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994);

*Hamilton v. Frito-Lay, Inc.*, Case No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla.

Jan. 8, 2007) *report and recommendation adopted*, 2007 WL 219981 (M.D. Fla. Jan. 26, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair.   *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

## III.   <u>ANALYSIS.</u>

This case initially involved disputed issues of coverage and liability under the FLSA, which constitutes a bona fide dispute.   Doc. Nos. 2; 5; 25.   The parties are represented by independent counsel who are obligated to vigorously represent their clients.   *See Id.*   Initially, Plaintiffs claimed that they were entitled to recover unpaid minimum wages, overtime wages, and liquidated damages.   Doc. Nos. 16; 17; 18.   During settlement negotiations, the parties agreed on the following:

- Plaintiffs were exempt from the overtime wage requirements of the FLSA pursuant to the motor carrier exemption, 29 U.S.C. § 213(b)(1).

- Plaintiffs were not owed any unpaid minimum wages because they were each compensated at a rate of $8.00 per hour for each and every hour they worked for Defendants.

- Plaintiffs were owed wages for their last week of employment with Defendants and were asked on numerous occasions to report to U.S. Corrections to receive their final paychecks, but failed to do so.

- Steven Jacques did not qualify as an "employer" under the FLSA.

Doc. No. 25 at ¶¶ 4-6.   In light of the foregoing, the parties stipulate that Plaintiffs are not owed any unpaid minimum wages and are exempt employees under the FLSA, and therefore not entitled to any relief under their FLSA claims (i.e., Counts I, III, and VI).   *Id.* at ¶ 7.

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The parties' stipulation divests the Court of subject matter jurisdiction.   At the time the Complaint was filed, the Court had federal-question subject matter jurisdiction over the case solely due to Plaintiffs' FLSA claims.   28 U.S.C. § 1331.[3]   Now, in light of the parties' stipulation, the FLSA claims giving rise to the Court's subject matter jurisdiction are moot.   As a result, the original basis conferring subject matter jurisdiction on this Court no longer exists, and thus the undersigned recommends that the case be dismissed without prejudice for lack of subject matter jurisdiction.   *See Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1328 (11th Cir. 2004) ("[I]f a suit is moot, it cannot present an Article III case or controversy and the federal courts lack subject matter jurisdiction to entertain it").[4]

## IV.   CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. No. 25) be **DENIED** and the case be **DISMISSED without prejudice**.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.   **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

---

[3] There is no complete diversity of citizenship among the parties.   Doc. No. 2 at ¶¶ 2-6.   Therefore, the Court does not have diversity subject matter jurisdiction over this case.   28 U.S.C. § 1332.

[4] The Court has discretion to exercise supplemental jurisdiction over the remaining state law claims.   *E.g.*, *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009).   The undersigned recommends that the Court not exercise supplemental jurisdiction over the pendant state law claims, because the parties have agreed to resolve those claims and there is no requirement for court approval of such claims.   Doc. No. 25 at 13-42; s*ee Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) ("[W]hen the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice.").

Recommended in Orlando, Florida on July 17, 2015.

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy