UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JOSEPH MACARTHUR, JAMIE VILLALOBOS and JESUS HERNANDEZ,**

        **Plaintiffs,**

v.   Case No: 6:14-cv-2085-Orl-41GJK

**US CORRECTIONS LLC, USG7, LLC, ASHLEY JACQUES and STEVEN L. JACQUES,**

        **Defendants.**
_____/

**ORDER**

THIS CAUSE is before the Court on the parties' Joint Motion for Approval of Proposed Settlement and Stipulation for Dismissal with Prejudice ("Joint Motion," Doc. 25). Therein, the parties request that this Court dismiss all claims arising under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, pursuant to Federal Rule of Civil Procedure 41(a)(2). United States Magistrate Judge Gregory J. Kelly filed a Report and Recommendation ("R. & R.," Doc. 26), recommending that the Court deny the Joint Motion and dismiss Plaintiffs' claims without prejudice. (*Id.* at 5). After an independent *de novo* review of the record, the Court disagrees with the recommendations as set forth in the R. & R.

In the Joint Motion, the parties stipulate to certain facts as pleaded in the Complaint (Doc. 2) and Answer (Doc. 3). In light of the stipulated facts, the parties argue that Plaintiffs' federal claims are not meritorious under existing federal law. Based on these representations, the parties seek a dismissal of Plaintiffs' FLSA claims with prejudice in exchange for no recovery on those claims. After a review of the record and the parties' stipulations, the Court finds that the parties'

agreement is a good-faith resolution of a bona fide dispute and will dismiss the parties' FLSA claims with prejudice.

As the parties have conceded, the written settlement agreements provided with the parties' Joint Motion apply only to the pending state law claims. This Court is not generally required to review settlement agreements that pertain only to non-FLSA claims. As such, the Court has not reviewed these documents and makes no findings as to the fairness or enforceability thereof. However, Rule 41(a)(2) permits voluntary dismissal by court order "on terms that the court considers proper." "[I]n most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result." *McCants v. Ford Motor Co.*, 781 F.2d 855, 856–57 (11th Cir. 1986) (emphasis omitted). Given that Defendants have joined in the motion for voluntary dismissal, there is no indication of prejudice to Defendants. Accordingly, Plaintiffs' remaining state law claims will also be dismissed with prejudice.

Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 26) is **OVERRULED**.
2. The parties' Joint Motion for Approval of Proposed Settlement and Stipulation for Dismissal with Prejudice (Doc. 25) is **GRANTED**.
3. This case is **DISMISSED with prejudice**. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on October 1, 2015.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record